UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| LUIS RAMIREZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:19-cv-5519 |
| | : | |
| LILLIE GONZALEZ, | : | |
| Defendant. | : | |
| | : | |

**O P I N I O N**
Defendant's Motion to Dismiss, ECF No. 11 — Granted

**Joseph F. Leeson, Jr.**                                                                                                  **June 24, 2020**
**United States District Judge**

## I.     INTRODUCTION

Defendant Lillie Gonzalez brings this motion to dismiss for lack of subject matter jurisdiction. Plaintiff Luis Ramirez, a resident of Pennsylvania, originally filed this personal injury action in federal court based on diversity jurisdiction. However, by the time Ramirez filed his complaint, Gonzalez moved from Massachusetts to Pennsylvania, thus preventing complete diversity as both plaintiff and defendant are residents of the same state. Accordingly, for the following reasons, Gonzalez's motion to dismiss is granted.

## II.    BACKGROUND

The allegations in Ramirez's complaint are as follows:

On December 3, 2017, Gonzalez collided with Ramirez whilst attempting to switch lanes on Interstate 78 in Williams Township, Northampton County, Pennsylvania. Pl. Compl. ¶ 7, ECF No. 1. Ramirez was driving westbound toward a toll booth when the collision occurred. *Id.* Ramirez sustained various injuries as a result of the crash, including personal injuries, property damage, and future employment and personal enjoyment opportunities. *Id.* at ¶¶ 7, 8, 11.

Ramirez's physical injuries include, but are not limited to, memory loss, concussion, post-concussive syndrome, brachial plexus dysfunction, and various sprains. *Id.* at ¶ 10.

During all relevant times, Ramirez was a citizen of the Commonwealth of Pennsylvania, residing at 722 Gordon Street, Reading, Pennsylvania 19601. *Id.* at ¶ 1. At the time of the accident, Gonzalez was a citizen of the Commonwealth of Massachusetts, residing at 13 Bounce Street, Worcester, Massachusetts 01606. Def. Mot. ¶ 3, ECF No. 11. Gonzalez moved to Reading, Pennsylvania in March of 2018. *Id.* at ¶ 6.

Ramirez commenced this action on November 21, 2019, by filing a complaint for negligence with this Court. *Id.* at ¶ 1. Ramirez attempted service of the complaint on Gonzalez at her Worcester, Massachusetts address on November 13, 2019, but the certified mail was returned to Ramirez as unclaimed. *Id.*, Ex. "B". Service was later successfully completed on March 11, 2020, at Gonzalez's address in Reading, Pennsylvania. *Id.*, Ex. "C".

Ramirez asserts this Court has diversity jurisdiction over his negligence claim due to the citizenship of the parties, and that the amount in controversy exceeds $75,000 dollars, pursuant to 28 U.S.C. § 1332. Pl. Compl. ¶ 5. Gonzalez claims the Court does not have jurisdiction over this matter, lacking subject matter jurisdiction due to non-diverse parties. Def. Mot. ¶ 12. Gonzalez claims that because she was a resident of Reading, Pennsylvania at the time Plaintiff's complaint was filed, this matter lacks diversity. *Id.* at ¶¶ 12, 14. Thus, Gonzalez has filed this motion to dismiss for lack of subject matter jurisdiction. The matter is ready for review.

### III.   LEGAL STANDARD

#### A.  12(b)(1) Standard

The burden of establishing federal jurisdiction rests with the party asserting its existence. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation

omitted). Such a burden must be met by a preponderance of the evidence. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." *Lincoln Ben. Life Co.*, 800 F.3d at 105. (internal quotation marks omitted). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)) (alterations in original). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* (internal quotation marks omitted).

Gonzalez is stating at the time of filing the complaint, complete diversity did not exist. This constitutes a facial challenge. *See Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

## IV.   ANALYSIS

Gonzalez argues for the dismissal of this matter because the Court does not have subject matter jurisdiction over non-diverse parties. Gonzalez is correct, and the Court dismisses the matter for lack of subject matter jurisdiction.[1]

---

[1] This must be dismissed for lack of subject-matter jurisdiction, as opposed to being dismissed without prejudice, as a decision regarding prejudice is a decision on the merits. *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997). When a court lacks jurisdiction, it cannot make decisions on the merits. *Id.* A court ruling on a motion to dismiss for lack of subject matter jurisdiction is not making any factual determinations as to the merits of the claims. *Id.* (citing *Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987)). Jurisdictional decisions do not preclude the matter from being heard and decided on the merits in the appropriate court, but instead show that a "final determination of lack of subject matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it." *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992).

In order for a federal court to have subject matter jurisdiction over a claim, there must be complete diversity of citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). In this instance, the amount in controversy is not in dispute. The matter in dispute is solely that of diversity of citizenship, or the lack thereof. Diversity of citizenship requires that all parties involved must be citizens of different states at the time that the case is initially filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004). This is known as the time-of-filing rule, and requires that diversity exist at the outset of legal proceedings.

The time-of-filing rule is the governing legal principle for evaluating diversity. This rule states that for a court to determine jurisdiction, "the jurisdiction depends upon the state of things at the time of the action brought" *Mollan v. Torrance*, 22 U.S. 537 (1824). The time-of-filing rule is black letter law, intended to maximize efficiency in the federal court system. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009). Specifically, the time-of-filing rule makes clear that "the sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present then should continue until final disposition of the action." *Id.* (citing Wright, A Miller, & E. Cooper, 13E Fed. Prac. & Proc. Juris. § 3608 (3d ed. 2009)).

A person is considered to be a citizen of "the state where he is domiciled." *Lincoln Ben. Life Co.*, 800 F.3d at 104. Domicile is based on various factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." *McCann*, 458 F.3d at 286, (quoting *Krasnov v. Ditan*, 465 F.2d 1298, 1301 (3d Cir. 1972)). Domicile can also change in an instant, so long as the individual takes up a new residence with the intention of remaining there. *McCann*, 465 F.3d at 286, (citing *Krasnov*, 465 F.2d at 1300). Furthermore, the intention to remain need not be permanent. *Krasnov*, 465 F.2d at 1300. The test

is instead that "if the new state is to be one's home for an indefinite period of time, he has acquired a new domicile." *Id.* at 1300-01.

For example, it does not matter if parties were diverse at the time the event warranting legal action occurred, if those parties are not diverse at the time of filing. In a case similar to the matter before this Court, a motor vehicle accident occurred in Delaware. *Croff v. Faught*, No. 04-CV-1540, 2005 WL 230668, at *1 (E.D. Pa. Jan. 31, 2005). At the time of the accident, plaintiff was a citizen of Pennsylvania, and defendant stated that he was a citizen of Switzerland. *Id.* Three months prior to plaintiff filing a complaint, defendant moved to Pennsylvania, and paid taxes there for the year. *Id.* Defendant claimed there was federal subject matter jurisdiction, but the court found that there was no complete diversity between the parties. *Id.* at *2.

Here, at the time of filing, Ramirez and Gonzalez were citizens of the same state, both residing in the Commonwealth of Pennsylvania. Thus, when this action was filed, there was no diversity of citizenship between the two parties. The time of filing was November 21, 2019, at which point Gonzalez was a resident of the Commonwealth of Pennsylvania. Def. Mot. ¶¶ 1, 6. Gonzalez has resided in Pennsylvania for almost two years, including being a resident of Pennsylvania for over a year when served with this complaint in 2019. Similar to *Croff* where the defendant was originally from out of state, but moved to Pennsylvania before the time of filing; in this instance, Gonzalez lived in Massachusetts but moved to Pennsylvania before the time of filing. Accordingly, complete diversity does not exist, and Gonzalez's motion is granted.

As the matter is dismissed for lack of subject matter jurisdiction, it is important for the parties to know that the period of limitations for these claims was tolled during the pendency of this action and "for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under

subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.")."

## V. Conclusion

For the reasons stated above, Gonzalez's motion to dismiss for lack of subject matter jurisdiction is granted as complete diversity does not exist.  Ramirez must file his action in state court.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge